

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-3-2005

# Strope v. Warden Schuylkill

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2283

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Strope v. Warden Schuylkill" (2005). *2005 Decisions.* Paper 741.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/741

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-297                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2283
_____

ISAAC LEROY STROPE,

Appellant

v.

WARDEN, FCI SCHUYLKILL
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-01846)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 8, 2005

Before:  ALITO, McKEE and AMBRO, Circuit Judges

_____

OPINION
_____

PER CURIAM.

        Appellant Isaac Strope, an inmate at the Federal Correctional Institution

at Schuylkill in Minersville, Pennsylvania, appeals pro se an order from the United States

District Court for the Middle District of Pennsylvania denying his petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2241.  Strope is serving 240 months imprisonment

imposed by the District Court for the Middle District of Pennsylvania after being convicted by a jury for numerous drug-related charges, possession of a firearm, and using and carrying a firearm during and in relation to a drug trafficking offense.

Strope appealed his conviction, but we affirmed. See United States v. Strope, C.A. No. 93-7165, cert. denied, 512 U.S. 1226 (1994). In 1997, Strope filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence in which he challenged only the conviction for using or carrying a firearm in relation to a drug trafficking crime, see 18 U.S.C. § 924(c), contending that pursuant to Bailey v. United States, 516 U.S. 137 (1995), he did not use the firearm within the meaning of the statute. The District Court denied the motion. Strope appealed, but we denied a certificate of appealability. See C.A. No. 98-7005.

In 2004, Strope filed a § 2241 petition, again contending that his conviction and sentence are invalid under Bailey. The District Court found that Strope's petition falls under § 2255, and § 2255 is not "inadequate or ineffective" merely because the sentencing court did not grant relief, the § 2255 limitations period expired, or Strope is unable to meet the stringent gatekeeping requirements to file a successive § 2255 motion. Accordingly, the District Court dismissed the § 2241 petition for lack of jurisdiction. Strope file a motion for reconsideration, contending that the District Court mischaracterized his § 2241 petition as a successive § 2255 motion. The District Court denied the motion for essentially the same reasons set forth in its original memorandum.

Summary action is warranted when "no substantial question" is presented by the

2

appeal.  See 3d Cir. LAR 27.4; Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).  After a careful review of the record, we will summarily affirm.

We agree with the District Court that Strope's claim falls within the purview of § 2255.  A federal prisoner's challenge to the legality of his conviction and sentence must be raised in a § 2255 motion, except where the remedy under § 2255 would be "inadequate or ineffective."  28 U.S.C. § 2255; see In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  Cradle, 290 F.3d at 538.

We also agree with the District Court that Strope has not shown that § 2255 is "inadequate or ineffective" under the circumstances.  Although Bailey held that "use" of a firearm for purposes of § 924(c) requires active employment of the weapon, Bailey, 516 U.S. at 143, Strope's reliance on Bailey is unavailing as the Supreme Court has also held that the "carrying" a firearm for purposes of § 924(c) applies to a person who knowingly possesses and conveys firearms in a vehicle, including in the glove compartment.  See Muscarello v. United States, 524 U.S. 125, 139 (1998).  Thus, Strope has not shown that there has been an intervening change in substantive law since his conviction that negated the criminal nature of the conduct for which he was convicted.  See Dorsainvil, 119 F.3d at 251.

Therefore, the District Court properly determined that it lacked jurisdiction over

3

Strope's claims.  See id. at 249.  Strope's available avenue to seek relief is by filing a motion with the Court of Appeals for the Third Circuit for permission to file a second or successive § 2255 motion.  Although Strope may face substantive and procedural hurdles in presenting his claim in a § 2255 motion, that alone does not render a § 2255 motion an "inadequate or ineffective" remedy.  See id. at 251.

In conclusion, because no substantial question is presented on appeal, we will affirm the District Court's judgment.